UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

       Plaintiff,                        Case No. 1:07-cv-580

v.                                         Honorable Robert Holmes Bell

KENT COUNTY FACILITY,

       Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

       Plaintiff,                        Case No. 1:07-cv-591

v.                                         Honorable Robert Holmes Bell

KENT COUNTY FACILITY,

       Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

       Plaintiff,                        Case No. 1:07-cv-592

v.                                         Honorable Robert Holmes Bell

KENT COUNTY FACILITY,

       Defendant.
_____

Dockets.Justia.com

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,                      Case No. 1:07-cv-593

v.                                        Honorable Robert Holmes Bell

KENT COUNTY FACILITY,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,                      Case No. 1:07-cv-594

v.                                        Honorable Robert Holmes Bell

KENT COUNTY FACILITY,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,                      Case No. 1:07-cv-649

v.                                        Honorable Robert Holmes Bell

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

        Plaintiff,                      Case No. 1:07-cv-681

v.                                        Honorable Robert Holmes Bell

DRUG ENFORCEMENT AGENCY,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

       Plaintiff,                                 Case No. 1:07-cv-696

v.                                                Honorable Robert Holmes Bell

MICHIGAN STATE POLICE,

       Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

       Plaintiff,                                   Case No. 1:07-cv-697

v.                                                Honorable Robert Holmes Bell

MICHIGAN STATE POLICE,

       Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

       Plaintiff,                                   Case No. 1:07-cv-702

v.                                                Honorable Robert Holmes Bell

KENT COUNTY SHERIFF'S DEPARTMENT,

       Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

       Plaintiff,                                   Case No. 1:07-cv-703

v.                                                Honorable Robert Holmes Bell

KENY COUNTY SHERIFF'S DEPARTMENT,

       Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,        Case No. 1:07-cv-704

v.        Honorable Robert Holmes Bell

KIRBY Co.,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,       Case No. 1:07-cv-705

v.        Honorable Robert Holmes Bell

SPECTRUM HEALTH HOSPITALS,

        Defendants.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

        Plaintiff,       Case No. 1:07-cv-706

v.        Honorable Robert Holmes Bell

KIRBY Co.,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,       Case No. 1:07-cv-708

v.        Honorable Robert Holmes Bell

GRAND RAPIDS POLICE DEPARTMENT,

        Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

    Plaintiff,        Case No. 1:07-cv-709

v.              Honorable Robert Holmes Bell

GRAND RAPIDS POLICE DEPARTMENT,

    Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

    Plaintiff,        Case No. 1:07-cv-710

v.              Honorable Robert Holmes Bell

WYOMING POLICE DEPARTMENT,

    Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

    Plaintiff,        Case No. 1:07-cv-711

v.              Honorable Robert Holmes Bell

WYOMING POLICE DEPARTMENT,

    Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

    Plaintiff,        Case No. 1:07-cv-719

v.              Honorable Robert Holmes Bell

KENT COUNTY CORRECTIONAL FACILITY,

    Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

   Plaintiff,         Case No. 1:07-cv-720

v.              Honorable Robert Holmes Bell

KENT COUNTY CORRECTIONAL FACILITY,

   Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

   Plaintiff,         Case No. 1:07-cv-721

v.              Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

   Defendant.
_____

BILBO GRANT
aka Shaun Rushing and Alexis Legree,

   Plaintiff,         Case No. 1:07-cv-722

v.              Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

   Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

   Plaintiff,         Case No. 1:07-cv-723

v.              Honorable Robert Holmes Bell

POSTMASTER GENERAL OF THE UNITED
STATES OF AMERICA,

   Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

        Plaintiff,        Case No. 1:07-cv-728

v.        Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,        Case No. 1:07-cv-729

v.        Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.
_____

SHAUN RUSHING
aka Alexis Legree and Bilbo Grant,

        Plaintiff,        Case No. 1:07-cv-730

v.        Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.
_____

ALEXIS LEGREE
aka Shaun Rushing and Bilbo Grant,

        Plaintiff,        Case No. 1:07-cv-731

v.        Honorable Robert Holmes Bell

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.
_____

## **OPINION**

Plaintiff has filed twenty-seven civil rights actions over the past month under three different names - Shaun Rushing, Alexis Legree and Bilbo Grant.[1] In each case, Plaintiff has been granted leave to proceed *in forma pauperis.* Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court concludes that Plaintiff's lawsuits are indisputably meritless. The complaints will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, Plaintiff's pleadings have demonstrated a clear pattern of filing

---

[1] On the Michigan Department of Corrections Offender Tracking and Information System (OTIS), Plaintiff's name is Alexis Legree and he has several known aliases, including Shaun Rushing and Bilbo Grant. According to OTIS, Plaintiff was paroled from a drug conviction on January 17, 2006.

vexatious lawsuits incompatible with the privilege of proceeding *in forma pauperis*. Accordingly, an injunction will issue requiring that Plaintiff pay the entire filing fee in any future lawsuit filed in this Court.

## Discussion

    I.    **Complaints**

The Court already has expended considerable resources opening and reviewing Plaintiff's cases. To minimize further waste of judicial resources, the Court will not address each of Plaintiff's twenty-seven complaints individually. However, the Court will briefly discuss some cases that are illustrative of the patently frivolous nature of Plaintiff's complaints.

Plaintiff brings two identical complaints against the "Kirby Co.," one by Shaun Rushing and one by Alexis Legree. The complaints consists of the following allegations, verbatim:

> I was,
> unlawfully imprisoned
> Dis impersoned.
> slandered.
> person defamed.

*See Rushing v. Kirby Co.*, No. 1:07-cv-704 (docket #1); *LeGree v. Kirby Co.*, No. 1:07-cv-706 (docket#1). Plaintiff does not make any further allegations against the Kirby Company, which is a manufacturer of vacuum cleaners.

Plaintiff also brings four virtually identical complaints against the Grand Rapids Police Department and the Wyoming Police Department, in which he claims, verbatim:

> I, was,
> unlawfully investigated,
> unjustfully imprisoned.
> Treat cruel & unusual.

*See Rushing v. Grand Rapids Police Department*, No. 1:07-cv-708 (docket #1); *Legree v. Grand Rapids Police Department*, No. 1:07-cv-709 (docket #1); *Legree v. Wyoming Police Department*, No. 1:07-cv-710 (docket #1); *Rushing v. Wyoming Police Department*, No. 1:07-cv-711 (docket #1). In the complaints against the Wyoming Police Department, Plaintiff also claims that he was "defamed."

Plaintiff also brings six complaints against the Federal Bureau of Investigation that contain similar allegations. For example, Plaintiff claims, verbatim:

> I, was,
> unlawfully investigated.
> unjustfully investigated.
> person Defamed.

*Legree v. Federal Bureau of Investigation*, No. 1:07-cv-721 (docket #1);

> I, was,
> unlawfully investigated.
> Person defamed.

*Grant v. Federal Bureau of Investigation*, No. 1:07-cv-722 (docket #1);

> Reason for complaint.
> Endangerment.

*Legree v. Federal Bureau of Investigation*, No. 1:07-cv-728 (docket #1);

> Reason for complaint.
> Unlawfully investigated.

*Rushing v. Federal Bureau of Investigation*, No. 1:07-cv-729 (docket #1).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which

clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The allegations set forth in Plaintiff's complaints are so vague and conclusory that they lack an arguable basis in law or fact.

## II.     Revocation of *in forma pauperis* Privilege and Injunction

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ( "Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at * 3 (6th Cir. Mar. 15, 1995); *accord Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Telechron, Inc. v. Intergraph Corp.*, No. 95-1039, 1996 WL 370136, at * 2 (6th Cir. July 2, 1996).

Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re*

*McDonald*, 489 U.S. 180, 184 (1989); *see also Demos v. Storrie*, 507 U.S. 290 (1993); *In re Sindram*, 498 U.S. 177, 180 (1991) ("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). "'Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit . . . .'" *Purk v. United States*, No. 3:03 cv 287, 2005 WL 776135, at *3 (S. D. Ohio 2005) (quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "'[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Bradley v. Wallrad*, No. 1:06-cv-246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment"); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *United States v. MK-Ferguson Co.*, 99 F.3d 1538, 1548 (10th Cir. 1996); *Kettenburg v. Wal-Mart*, No. 04-cv-957E, 2004 WL 3019169, at *2-4 (W.D.N.Y. Dec. 23, 2004); *Ulysses I & Co. v. Feldstein*, No. 01 CV 3102 LAP, 2002 WL 1813851, at *13 (S.D.N.Y. Aug. 8, 2002) ("The Federal courts have an institutional concern and obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th

Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Big Yank*, 125 F.3d at 313; *See Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). The concept of bad faith is an objective one. *See Coppedge v. United States*, 369 U.S. 348, 445 (1962). A claim is brought in bad faith if it is frivolous. *Id.*; *see Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990). Objectively, Plaintiff's twenty-seven lawsuits were filed vexatiously and in bad faith.

The Court's order under its inherent powers cannot completely foreclose a litigant from access to the court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). However, the right of access to courts is neither absolute or unconditional, and there is no right of access to the courts to prosecute an action that is frivolous and malicious. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989); *Warren v. Michigan Dep't of Corr.*, No. 1:05-cv-654, 2005 WL 2461161, at *2 (W.D. Mich. Oct. 4, 2005). Requiring court review of any proposed future filings by Plaintiff would likely result in waste of scarce judicial resources. *See Sassower v. American Bar Ass'n*, 33 F.3d 733, 736 (7th Cir. 1994). Federal Courts have imposed a variety of sanctions to curb abusive litigation tactics. *See, e.g., Jean v. Dugan*, 29 F. Supp. 2d 939 (N.D. Ind. 1998) (requiring payment of all sanctions and imposing $5,000 bond before allowing plaintiff to bring any future lawsuits); *See Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (affirming this court's order requiring plaintiff to file a $25,000 bond); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also Marbly v. Mueller*, 71 F. App'x 570 (6th Cir. Aug. 11, 2003) (upholding district court's enforcement of injunction prohibiting plaintiff from filing complaints against federal agents without leave of court); *Johnson v. Serelson*, 23 F. App'x 949 (10th Cir.

2001) (upholding injunction requiring that the plaintiff, regardless of whether he paid a filing fee, to attach to his complaint a list of all lawsuits pending or previously filed, identify any court imposed sanctions or injunctions (such as requiring that plaintiff be represented by an attorney), attach an affidavit identifying the issues and stating that the lawsuit was not being filed for any improper purpose, and providing for review and approval of the proffered by the chief judge before being allowed to proceed with filing a proffered pleading).

Given Plaintiff's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter this Plaintiff from filing future vexatious and frivolous lawsuits is imposing a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court. The injunctive relief has no punitive aspect, and serves a purely deterrent function. The injunction does not close the courthouse to Plaintiff, but does impose financial consequences designed to compel Plaintiff to seriously consider what he is doing before initiating another lawsuit.

### Conclusion

For the reasons set forth herein, Plaintiff's complaint against will be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). On the same grounds, the court certifies that any appeal of this decision would be frivolous and brought in bad faith, 28 U.S.C. § 1915(a)(3), and the Court will deny Plaintiff leave to appeal *in forma pauperis.* A permanent injunction will issue to deter future abusive lawsuits by Plaintiff.

Dated: July 31, 2007         /s/ Robert Holmes Bell
                             Robert Holmes Bell
                             Chief United States District Judge